UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
**EASTERN DIVISION**

| | | |
|---|---|---|
| WILFREDO CUEVAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06 C 5783 |
| | ) | |
| MICHAEL J. ASTRUE, | ) | Magistrate Judge |
| Commissioner of Social | ) | Arlander Keys |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

On August 27, 2007, the Court issued a Memorandum Opinion and Order remanding Wilfredo Cuevas' case to the Commissioner of Social Security for a second time. Shortly thereafter, counsel for Mr. Cuevas petitioned the Court, under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, for an award of $12,928.75 in attorney's fees and costs.

The EAJA "authorizes the payment of fees to a prevailing party in an action against the United States; the Government may defeat this entitlement by showing that its position in the underlying litigation 'was substantially justified.'" *Scarborough v. Principi*, 541 U.S. 401, 124 S.Ct. 1856, 1860 (2004) (citing 28 U.S.C. § 2412(d)(1)(A)). Having won summary judgment in his favor yet again, and having secured yet another remand, Mr. Cuevas is the prevailing party. The Government concedes as much, and it also concedes that Mr. Cuevas is entitled to recover the $350 in costs he seeks. It argues,

however, that no fees should be awarded because the Government's position was substantially justified; alternatively, the Government argues, the fee request is excessive and should be reduced. The Government has the burden of establishing that its position was "substantially justified" – that it had "a reasonable basis in law and fact." *Conrad v. Barnhart*, 434 F.3d 987, 990 (7th Cir. 2006). It has not met its burden here; as the Court explained in its August 27, 2007 opinion, the ALJ, in denying benefits, failed to comply with Social Security Regulations and Seventh Circuit jurisprudence; among other things, she failed to consider all of Mr. Cuevas' impairments and failed to consider what effect those impairments might have on his ability to work; she failed to apply properly the special technique relating to mental impairments and she failed to properly explain her mechanical use of the age grid. In light of this, it is difficult to see how the Government could have concluded that the ALJ's decision was well-grounded in the record and in the law. The Court, therefore, finds that an award of fees is appropriate.

Having determined this much, the Court must next determine what amount should be awarded. In his initial application, Mr. Cuevas' counsel sought to recover fees totaling $12,578.75, which represented, according to the application, 76.1 hours of attorney time, billed at the rate of $162.50/hour, and 2.5 hours of legal

assistant time, billed at the rate of $85/hour. In his reply, counsel added another 2.5 hours of attorney time, for an additional $406.25, bringing the total fee request to $12,985.00. The Government does not challenge the proposed hourly rates, and the Court finds that they are reasonable. The Government does, however, challenge the number of hours billed. And the Court agrees that some of the time billed should be disallowed.

First, counsel spent almost 20 hours reviewing and "abstracting" the record materials in this case, before even beginning the process of drafting a motion for summary judgment. Given that this advance work did not seem to reduce the drafting time – counsel still spent almost 35 hours researching and writing the summary judgment motion – this is excessive. The Court will disallow all but 5 of the hours spent "abstracting" (for a reduction of $2,340.00).

Next, some of the entries appear to reflect time spent by counsel on tasks that were purely clerical in nature, and that is inappropriate. *See Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 553 (7th Cir. 1999)(affirming decision to disallow time spent by an attorney and paralegal on essentially clerical or secretarial tasks); *Seamon v. Barnhart*, No. 05 C 0013-C, 2006 WL 517631, at *7 (W.D. Wis. Feb. 23, 2006)(reducing a fee award for time spent by attorneys on clerical tasks such as filing briefs, sending out proof of service, etc.). *See also Hensley v.*

*Eckerhart*, 461 U.S. 424 (1983)(fees for "excessive, redundant or otherwise unnecessary" hours should be disallowed). The Court will disallow these entries; similarly, the Court will disallow as unnecessary the time spent reviewing the decision that came out in counsel's favor, as well as the time spent drafting a motion to amend the briefing schedule. These reductions total 5.5 hours and $855 (5.0 billed by attorneys at the rate of $162.50/hour and .5 hours billed by a legal assistant at the rate of $85/hour).

After taking these reductions into account, the Court will allow counsel to recover fees for 57.8 hours of attorney time, billed at the rate of $162.50 per hour, and 2.0 hours of legal assistant time, billed at the rate of $85 per hour, for a total fee award of $9,562.20. Adding in the $350 in costs, the total award comes to $9,912.50.

## Conclusion

For the reasons set forth above, the Court grants the application for attorney's fees filed by counsel for Mr. Cuevas and awards fees and costs as requested, except to the extent explained above. The Court awards fees and costs in the amount of $9,912.50, to be paid directly to Mr. Cuevas' counsel, the Law Offices of Barry A. Schultz, P.C.

Dated: January 31, 2008

ENTER:

_____
ARLANDER KEYS
United States Magistrate Judge